STATE OF OKLAHOMA
Comanche County
FILED in the
Office of the Court Clerk

SEP 1 5 2017

By_____
           Deputy

IN THE DISTRICT COURT IN AND FOR COMANCHE COUNTY
STATE OF OKLAHOMA

JAMIE RODRIGUEZ, as next of kin for, )
SAMUEL RODRIGUEZ, deceased, )
                  Plaintiff, )
                     )
v.                      )   Case No. CJ-2017-651
                     )
THE GEO GROUP INC.; HECTOR RIOS, )
WARDEN OF THE LAWTON CORRECTIONAL )
FACILITY; JANE DOES AND JOHN DOES, )
                     )
                Defendants. )

## PETITION

COMES NOW the Plaintiff, Jamie Rodriguez, next of kin for Samuel Rodriguez, deceased, (hereafter "Plaintiff"), and for his claims against The GEO Group Inc.; Hector Rios, Warden of the Lawton Correctional Facility; Jane Does and John Does (collectively "Defendants"), alleges and states as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff is a resident of Cherokee County, Oklahoma.

2. Samuel Rodriguez ("Decedent") was a resident of Cherokee County, Oklahoma at the time of his death.

3. Defendant The GEO Group, Inc. ("GEO") is a Florida Corporation, doing business as Lawton Correctional Facility ("LCF") in Comanche County, Oklahoma.

4. Defendant Hector Rios ("Rios") is the Warden of the LCF and is believed to reside in Comanche County, Oklahoma.

5. Defendants Jane Does and John Does are other employees of the LCF whose identities are not known at this time.

6. The events giving rise to this action occurred in Comanche County, Oklahoma.

Exhibit 1

7. Jurisdiction is proper in the Comanche County District Court since the amount in controversy exceeds $75,000.00.

8. Venue is proper in the Comanche County District Court pursuant to 12 O.S. § 141 which sets venue "[i]n any county of Oklahoma where service of summons can be obtained upon one or more of the defendants" and/or "[i]n any county where the damages or a part thereof were sustained.

9. Plaintiff sent GEO notice of their claims under Okla.Stat.tit 51, §§151 *et seq.* on December 20, 2016.

10. Ninety days have passed since GEO received notice of Plaintiff's claims and no response was received therefore the claim was deemed denied on or about March 20, 2017.

## FACTUAL CIRCUMSTANCES

11. Plaintiff incorporations paragraphs 1 through 10 herein.

12. Decedent was an inmate in the LCF during all relevant periods to this action.

13. On or about December 26, 2015, Decedent was assaulted by other inmates leaving him severely and permanently injured.

14. On September 9, 2017, Decedent succumbed to his injuries and died.

15. Upon information and belief, GEO has an inappropriate pattern of housing inmates contrary to federal law.

16. Upon information and belief, GEO has a pattern and practice of inadequately staffing and supervision of its facility leading to the flow of illegal contraband and begetting criminal activity.

17. Upon information and belief, GEO has a pattern of being over capacity to maximize profits.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

Exhibit 1

18. Plaintiff incorporations paragraphs 1 through 17 set forth above herein.

19. All Defendants owed a duty to the Decedent to keep Decedent safe and protect him from harm.

20. All Defendants violated their duties owed to the Decedent.

21. Upon information and belief, had Defendants followed the rules, regulations, policies and procedures Decedent would not have been beaten and subsequently die.

22. As a result of Defendants' negligence, the Decedent suffered severe pain and suffering and died for which Plaintiff is entitled to recover actual damages in an amount in excess of $75,000.00.

23. The number of instances of inmate beatings, killings and other misconduct at the LCF have been widely publicized and, upon information and belief, known to all Defendants. However, Defendants have not corrected the situation and have acted in complete reckless disregard for Decedent's rights for which each Defendant should be punished in an amount not less than actual damages.

## SECOND CAUSE OF ACTION
## (RESPONDEAT SUPERIOR)

24. Plaintiff incorporates paragraphs 1 through 23 set forth above herein.

25. Pursuant to Oklahoma law, GEO is liable for the negligent actions of its employees committed in the course and scope of their employment.

26. The actions and inactions of Rios, Jane Does and John Does, were within the scope of their employment.

27. Upon information and belief the employees at LCF failed to follow the rules, regulations, policies and procedures required.

28. Upon information and belief had the employees at LCF followed the rules, regulations, policies and procedures, the Decedent would not have been injured and would not have died from his injuries.

29. As a direct result of GEO's employees' negligence, the Decedent was severally beaten, resulting in him becoming a quadriplegic, severely suffering for over one and a half (1½) years until his death on September 9, 2017 for which Plaintiff is entitled to recover actual damages in an amount in excess of $75,000.

30. Pursuant to the doctrine of respondeat superior, GEO is liable for the negligence of its employees.

31. GEO's negligence has been committed with a reckless disregard for the Decedent's rights for which GEO should be punished in an amount not less than actual damages.

### THIRD CAUSE OF ACTION
### (EIGHTH AND FOURTEENTH AMENDMENT CLAIMS)

32. Plaintiff incorporates paragraphs 1 through 31, as though fully set forth herein.

33. Decedent had the right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. This included the right to be free from deliberate indifference to a substantial risk of serious harm to Decedent's health and safety.

34. Defendants violated Decedent's constitutional rights by engaging in deliberate indifference to a substantial risk of serious harm to Decedent's health and safety by failing to follow the rules, regulations, policies and procedures required and by failing to correct known safety problems that have existed at LCF for years resulting in multiple injuries and deaths of inmates.

35. The number of instances of inmate beatings, killings and other misconduct at the LCF have been widely publicized and, upon information and belief, known to all Defendants. However, Defendants have not corrected the situation and have acted deliberate indifference for Decedent's rights for which each Defendant should be found liable.

36. The acts of Defendants proximately caused Decedent's damages and injuries. These damages include physical injury, pain and suffering, emotional distress and eventually death which entitles Plaintiff to recover actual and punitive damages in an amount in excess of $75,000.00 together with attorney fees and costs.

## PRAYER

WHEREFORE, Plaintiff respectfully requests this Court grant Plaintiff judgment against Defendants in an amount in excess of $75,000.00 in compensatory damages, an award of exemplary damages in an amount sufficient to deter similar conduct in the future, pre-judgment interest, costs, attorney fees and all other relief this Court deems just and equitable.

Respectfully submitted,

*Attorney's Lien Claimed*

Conner L. Helms, OBA No. 12115
Gary R. Underwood, OBA No. 9154
Erin M. Moore, OBA No. 20787
Tiffany K. Peterson, OBA No. 31186
Glenn K. Brown, OBA No. 31002
HELMS & UNDERWOOD
One NE Second St., Suite 202
Oklahoma City, Oklahoma 73104
Telephone: (405) 319-0700
Facsimile: (405) 319-9292
ATTORNEYS FOR PLAINTIFF